**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 23-4258**

_____

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

SEBASTIEN M. MOORE,

          Defendant - Appellant.

_____

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg.  Thomas S. Kleeh, Chief District Judge.  (1:21-cr-00003-TSK-MJA-1)

_____

Submitted:  October 31, 2023                    Decided:  November 3, 2023

_____

Before HARRIS and QUATTLEBAUM, Circuit Judges, and KEENAN, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:**  L. Richard Walker, Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Clarksburg, West Virginia, for Appellant.  Christopher Lee Bauer, Assistant United States Attorney, Washington, D.C., Sarah Wagner, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Clarksburg, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sebastien M. Moore appeals his conviction and the 15-month sentence imposed following his guilty plea, pursuant to a written plea agreement, to assaulting a correctional officer involving physical contact, in violation of 18 U.S.C. § 111(a)(1). Moore's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), concluding that there are no meritorious grounds for appeal but questioning whether Moore's guilty plea was knowingly, voluntarily, and intelligently made. Although he was informed of his right to file a pro se supplemental brief, Moore has not done so. The Government has declined to file a response brief or to move to enforce the appeal waiver contained in Moore's plea agreement. We affirm.

Because Moore did not move to withdraw his guilty plea in the district court, we review the validity of his plea for plain error. *United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016). "Under the plain error standard, [we] 'will correct an unpreserved error if (1) an error was made; (2) the error is plain; (3) the error affects substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.'" *United States v. Harris*, 890 F.3d 480, 491 (4th Cir. 2018) (quoting *United States v. Ramirez-Castillo*, 748 F.3d 205, 212 (4th Cir. 2014)). In the guilty plea context, a defendant establishes that an error affected his substantial rights by demonstrating "'a reasonable probability that, but for the error, he would not have entered the plea.'" *United States v. Davila*, 569 U.S. 597, 608 (2013) (quoting *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004)).

Before accepting a guilty plea, the district court must conduct a plea colloquy in which it informs the defendant of, and determines the defendant understands, the rights he is relinquishing by pleading guilty, the charges to which he is pleading, and the applicable maximum and mandatory minimum penalties he faces. Fed. R. Crim. P. 11(b)(1); *United States v. DeFusco*, 949 F.2d 114, 116 (4th Cir. 1991). The district court also must ensure that the plea is voluntary and not the result of threats, force, or promises not contained in the plea agreement, Fed. R. Crim. P. 11(b)(2), and "that there is a factual basis for the plea," Fed. R. Crim. P. 11(b)(3).

Although the district court failed to explicitly advise Moore that his right to appointed counsel extended to every stage of the criminal proceedings or that there could be immigration consequences, Fed. R. Crim. P. 11(b)(1)(D), (O), nothing in the record suggests that these minor errors affected Moore's substantial rights. Moreover, there is no indication that, but for the court's minor omissions, Moore would not have entered his guilty plea. *See Davila*, 569 U.S. at 608. We therefore conclude that Moore entered his plea knowingly, intelligently, and voluntarily, and that a factual basis supported the plea.

In accordance with *Anders*, we have reviewed the entire record and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Moore, in writing, of the right to petition the Supreme Court of the United States for further review. If Moore requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Moore. We dispense with oral argument because the facts and legal

3

contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*